IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MANDALE BATES,

    Petitioner,

v.

WARDEN, SOUTHERN OHIO
CORRECTIONAL INSTITUTION,

    Respondent.

:
:
:
:
:

Case No. 3:11-cv-327

DISTRICT JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING THE CONCLUSIONS OF THE
REPORT AND RECOMMENDATIONS (DOC. #7) OF THE MAGISTRATE
JUDGE, WITH THE VARIATIONS IN REASONING SET FORTH BELOW;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #9)
OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT
AND AGAINST PETITIONER HEREIN, DISMISSING PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS PURUSANT TO 28
U.S.C. § 2254 (DOC. #1) WITH PREJUDICE; CERTIFICATE OF
APPEALABILITY AND ANCTIPATED MOTION FOR LEAVE TO
APPEAL IN FORMA PAUPERIS DENIED; TERMINATION ENTRY

---

Pending before the Court is the Petition for Writ of Habeas Corpus (Doc. #1), filed on July 25, 2011, by Mandale Bates ("Petitioner"). Based upon the reasoning and citations set forth in the Report and Recommendations of the United States Magistrate Judge (Doc. #7), filed January 23, 2013, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the conclusions of the aforesaid Report and Recommendations, with the variations in reasoning set forth below. The Court OVERRULES Plaintiff's

1

Objections (Doc. #9) to that judicial filing and DISMISSES with prejudice Petitioner's Petition for Writ of Habeas Corpus (Doc. #1). Judgment will be entered in favor of Respondent and against Petitioner herein. Petitioner is DENIED a certificate of appealability on all claims, as well as an anticipated request for leave to appeal *in forma pauperis*.

In August of 2005, a jury of the Court of Common Pleas of Clark County, Ohio, found Petitioner guilty of receiving stolen property, felonious assault, and having weapons while under a disability, resulting in a sentence of sixteen years. Doc. #6-2. Petitioner filed a notice of appeal on August 15, 2005. Doc. #6-3. The Ohio Second District Court of Appeals upheld the conviction on August 11, 2006, but remanded the case for resentencing pursuant to an intervening change in sentencing law. Doc. #6-6 at 12-13.

Petitioner was resentenced on September 14, 2006, to a term of eleven years. Doc. #6-7. Petitioner did not appeal his resentencing. However, on September 25, 2009, he filed a motion for post-conviction relief under Ohio Revised Code § 2953.21, requesting that the trial court vacate or set aside his sentence.[1] Doc. #6-8. Therein, Petitioner claimed that he received ineffective assistance of counsel at trial. *Id.* at 4-5. Petitioner argued that his trial counsel falsely represented to Petitioner that counsel had been unable to obtain a police report filed by the complaining witness ten days before the crimes. *Id.* at 5.

---

[1] The motion in the record before the Court is styled as an Amended Petition for Post-Conviction Relief (Doc. #6-8), but the record does not contain any previous filing.

2

According to Petitioner, the police report would have impeached the witness's identification of Petitioner at trial. *Id.* Although filed well after the 180 day time limit for filing a motion for post-conviction relief, Petitioner claimed that the tolling provision under Ohio Revised Code § 2953.23(A) applied, because he did not know that his trial attorney had not attempted to obtain the police report until shortly before filing the motion. The trial court overruled the motion based on its "review of the record, defendant's pleadings and the trial transcript," with no other explanation of its reasoning. Doc. #6-10.

Petitioner appealed the trial court's overruling of his motion for post-conviction relief. Doc. #6-11. The Ohio Second District Court of Appeals reviewed Petitioner's appeal under Ohio Revised Code § 2953.23(A). Doc. #6-14; *State v. Bates*, No. 2009-CA-106, 2010-Ohio-3440, 2010 WL 2891520 (Ohio Ct. App. 2nd Dist. July 23, 2010). That statute excuses an untimely petition for post-conviction relief when a petitioner shows 1) that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," and 2) "by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ... ." Ohio Rev. Code § 2953.23(A).

The Court of Appeals determined that the trial court had "implicitly found that [Petitioner's] untimeliness was excused," because an overruling based on untimeliness alone would not have involved the review of the trial transcript and

3

record that the trial court performed before issuing its cursory overruling. Doc. #6-14 at 4. In spite of any excused untimeliness, however, the Court of Appeals determined that even if Petitioner had obtained the police report and presented it at his trial, its contents did not discredit the identifying witness. He could not, therefore, show that "no reasonable factfinder would have found the petitioner guilty of the offense," failing the second prong of the statute. *Id.* at 8-11; Ohio Rev. Code § 2953.23(A)(1)(b). The Court of Appeals issued its opinion affirming the trial court's decision to overrule Petitioner's motion on July 23, 2010. Doc. #6-14. Petitioner appealed to the Supreme Court of Ohio on September 2, 2010 (Doc. #6-15), but the court declined to hear his appeal on December 15, 2010 (Doc. #6-17).

On July 25, 2011, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, requesting a hearing on his ineffective assistance of counsel claim. Doc. #1. The United States Magistrate Judge issued his Report and Recommendations on January 23, 2013, recommending that the Court deny Petitioner's request for habeas relief. Doc. #7.

The Magistrate Judge first concluded that Petitioner's filing was untimely under the statute of limitations, 28 U.S.C. § 2244(d)(1), applicable to habeas petitions filed by persons in state custody. *Id.* at 4. The statute provides for a one-year limitation period, which "run[s] from the latest of" four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Of the four, Subsection A and Subsection D are the only two that apply to Petitioner's claim. The Magistrate Judge found that the Petitioner's filing in this Court was untimely under either subsection. Doc. #7 at 4-5.

The first subsection dates the limitations period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in state court. 28 U.S.C. § 2244(d)(1). Citing Ohio Appellate Rule 4(A), the Magistrate Judge reasoned that Petitioner's deadline for filing a habeas petition under this subsection was October 17, 2007, one year after the 30 days allowed for an appeal after the conviction became final on October 16, 2006. Doc. #7 at 4.

The Court agrees with the Magistrate Judge's conclusion that Petitioner's filing, if analyzed under 28 U.S.C. § 2244(d)(1), was untimely. When a habeas petition challenges a resentencing judgment, the one-year limitations period runs from the date the resentencing judgment became final, not the date the original

5

judgment of conviction became final. *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012). If a prisoner does not appeal to a state's highest court, the judgment becomes final upon the expiration of the time for seeking review with the state's highest court. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). Here, Petitioner's resentencing is the basis for the final judgment he challenges, and it became final when the time expired for Petitioner to seek appellate review of the resentencing. If the October 17, 2007, date commenced the limitations period, Petitioner's filing of his Petition for Writ of Habeas Corpus (Doc. #1) on July 25, 2011, was untimely. Further, as the Magistrate Judge noted, Petitioner's filing of a motion for post-conviction relief in state court in September of 2009 would not have restarted the clock, nor tolled an expired limitations period. Doc. #7 at 4; *see Vroman v. Brigano*, 346 F. 3d 598 (6th Cir. 2003) (recognizing inability of tolling provision to "pause a clock" that has "fully run," quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)).

The Magistrate Judge also concluded Petitioner's application was barred under 28 U.S.C. § 2244(d)(1)(D), which marks the deadline for filing as one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Magistrate Judge concluded that Petitioner had "failed to sustain his burden of proving that he exercised due diligence in searching for the factual predicate of his claim," reasoning as follows:

6

> Petitioner was aware of his counsel's assertion – that he was unable to obtain the police report – at his trial. Yet he has not offered any evidence showing how he made any further attempts to obtain the report himself (*e.g.*, through his new appellate counsel on direct appeal, by requesting it from the police department, or by making a public records request). Indeed, on direct appeal, Petitioner challenged Jamie Cromwell's identification on due process grounds ... but did not mention his attorney's failure to obtain the police report.

Doc. #7 at 4-5.

In his Objections to the Report and Recommendations, Petitioner argues that he did not fail to exercise due diligence, because he was justified in relying on his trial attorney's representation, as "Petitioner had no reason to doubt his attorney." Doc. #9 at 3.

The Court believes that Petitioner was entitled to rely on the statement of his trial attorney. Therefore, contrary to the conclusion of the Magistrate Judge, the Court would date the limitation period from the date Petitioner discovered the misrepresentation. It is often the case that establishment of the one-year period of limitations under 28 U.S.C. § 244(d)(1)(D), when based on the factual predicate of a misrepresentation, runs from the date that a habeas petitioner gains actual knowledge of the misrepresentation. For example, in *Willis v. Jones*, 329 Fed. App'x 7 (6th Cir. 2009), the petitioner's claim was based on a *Brady* violation arising from the state's failure to disclose, and its misrepresentation that it did not possess, palm print evidence that the petitioner could have used to impeach the state's police witnesses. The Sixth Circuit held that the one year period for filing the habeas petition did not begin to run until the date that the petitioner discovered that the state had not disclosed the evidence. *Id.* at 17-18. The petitioner had a

7

right to rely on the state's representation that all evidence had been disclosed, and he did not, therefore, fail to exercise "due diligence" by not requesting the evidence immediately after trial. *Id.*; *see also Anderson v. Carlton*, 150 Fed. App'x 499 (6th Cir. 2005) (dating one year period for filing habeas claim under 28 U.S.C. § 2244(d)(1)(D) from the date that the petitioner "had actual knowledge of any resultant prejudice stemming from his counsel's misrepresentations").[2]

Here, Petitioner was unquestionably aware at the time of trial of his attorney's *assertion* that the police report was unobtainable, but Petitioner was not aware at that time that the assertion was a misrepresentation. The factual predicate of Petitioner's claim is the misrepresentation by his counsel, not the fact that the police report itself actually existed. Thus, the Court does not agree with the Magistrate Judge that Petitioner failed to exercise due diligence at that time by failing to seek out the police report himself, or by failing to raise the misrepresentation he was not aware of at the time of his direct appeal. The Court cannot fault Petitioner for believing his trial counsel when his counsel assured Petitioner that he (counsel) had attempted, and failed, to procure the police report Petitioner requested.

---

[2] The factual predicate need not rise to the level of misrepresentation. In *Granger v. Hurt*, 90 Fed. App'x 97 (6th Cir. 2004), the Sixth Circuit held that the one year statute of limitations for filing a habeas petition ran from the date that a prisoner received a letter from his attorney stating that no appeal had been filed, two months after the appeal deadline, when the prisoner believed that the attorney had timely filed the appeal. The petitioner "had reason to believe that his family had discussed an appeal with his attorney," and a two month delay after the deadline before inquiring as to its status was not a failure of due diligence. *Id.* at 100.

Furthermore, Ohio's Second District Court of Appeals reached the same conclusion when it reviewed the trial court's overruling of Petitioner's motion for post-conviction relief. *State v. Bates*, No. 2009-CA-106, 2010-Ohio-3440, 2010 WL 2891520 (Ohio Ct. App. 2nd Dist. July 23, 2010). The court found that Petitioner fulfilled the first prong of the statute governing the filing of an untimely motion for post-conviction relief, which required Petitioner to show that "he was unavoidably prevented from discovering the facts upon which he relies to present his claim ... " *Id.* ¶¶ 27-30; Ohio Rev. Code § 2953.23(A)(1)(a). Under Ohio law, "[t]he phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *Bates*, 2010-Ohio-3440 ¶ 12 (quoting *State v. MacDonald*, No. E-04-009, 2005-Ohio-798, 2005 WL 435162 (Ohio Ct. App. Feb. 25, 2005)). The court reasoned that:

> the trial court implicitly concluded that Bates's evidence was sufficient to demonstrate that he was unavoidably prevented from obtaining the police report and learning of the lack of details in the report, which demonstrated his trial counsel's alleged ineffectiveness, in a timely manner. The trial court did not abuse its discretion in reaching this apparent conclusion.
>
> Although Bates was aware of the existence of the police report prior to trial, he states that his trial attorney informed him that he had attempted to obtain the police report and was unable to do so. Having received that information from his trial attorney, it was reasonable for Bates to assume that a good faith effort had been made by his attorney and that he (Bates) would not achieve a different result if he attempted to obtain the police report himself. Not only did Bates's trial attorney not obtain the report, but he allegedly misled Bates into believing that it could not be obtained.

*Bates*, 2010-Ohio-3440 ¶¶ 27-28.

9

For the same reasons, the Court finds that the limitations period of Petitioner's habeas petition should be calculated based on 28 U.S.C. § 2244(d)(1)(D), and not from the expiration of Petitioner's time for appealing the final judgment under 28 U.S.C. § 2244(d)(1)(A). Unfortunately, based on the record before the Court, it is impossible to precisely fix the date of discovery of the misrepresentation of Petitioner's trial counsel. The affidavit submitted with Petitioner's motion for post-conviction relief states only that he "discovered later, after my trial and obtaining present counsel that no attempt had been made to get this report and that present counsel obtained this report for me recently." Doc. #6-8 at 8. The affidavit is dated August 7, 2009. *Id.* Petitioner's counsel, in the Memorandum in Support of the Motion for Post-Conviction Relief, asserts that he "got this report promptly without any difficulty," but fails to mention the actual date it was obtained. *Id.* at 5. Although the affidavit of Petitioner's counsel states that the police report is "attached hereon," no police report is attached in that particular record. *Id*. at 11. The only copy of the police report in the record before the Court is the copy that the State attached to its Response in Opposition to Petitioner Motion for Post-Conviction Relief, which appears to have been retrieved on April 28, 2009. Doc. #6-9 at 5. However, because that particular copy was provided by the State, its retrieval date does not speak to the date that *Petitioner* discovered that the police report could be obtained. Thus, the record provides no indication of the actual date that Petitioner discovered that the police report was available.

Furthermore, as stated, only the limitations period under 28 U.S.C. § 244(d)(1)(D), commencing from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," would allow the Court to conclude that Petitioner timely filed his habeas petition. Petitioner's failure to precisely fix the date that he discovered the obtainability of the police report is perplexing because that date marks the discovery of the "factual predicate" of his claim, his trial counsel's alleged misrepresentation. In his Objections to the Magistrate Judge's Report and Recommendations, Petitioner argues that his petition satisfies 28 U.S.C. § 2244(d)(2), the tolling provision applicable to the limitations period.[3] Doc. #9 at

---

[3] Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. A petition is "properly filed" under the tolling provision if "delivery and acceptance are in compliance with the applicable laws and rules governing filings" of the state in which the prisoner seeks post-relief conviction relief. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004) (quoting *Artuz*). Here, the Second District Court of Appeals upheld the trial court's "apparent conclusion" that the petition was timely filed, and this Court defers to the finding of the state court on that issue. *State v. Bates*, 2010-Ohio-3440 ¶ 27; *see Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001) (upholding district court's deference to state court determination of whether a motion for post-conviction relief was "submitted according to Ohio's timeliness requirements," based on principles of comity and recognition of state court's authority on matters of its procedural law). Thus, the Court agrees with Petitioner's arguments in the Objection to the Report and Recommendations that the circumstances of the filing of his petition for post-conviction relief satisfy the requirements for tolling under 28 U.S.C. § 2244(d)(2). Doc. #9 at 2-3. However, the state court's finding of timeliness that would allow the tolling provision to apply is impossible to apply when the date that the limitations period would commence, based on Petitioner's discovery of his trial counsel's supposed misrepresentation, cannot be discerned. Further, in light of the Court's agreement with the Magistrate Judge on the

2-3. However, the period of limitations must begin to run on some recognizable date before the tolling provision can apply. Here, Petitioner's discovery of the existence of the police report may have occurred anywhere between August of 2008, when he retained his present counsel, and August 7, 2009, the date of his affidavit stating that he had discovered the factual predicate of his claim after retaining his counsel. His motion for post-conviction relief was filed 47 days after he signed the affidavit, on September 25, 2009. Doc. #6-8. The filing of that motion would have tolled the limitations period until December 15, 2010, the date of the entry of the Supreme Court of Ohio's decision not to review Petitioner's case. Petitioner did not file his petition for habeas relief until July 25, 2011, 222 days later.[4] Doc. #6-17. Thus, 269 (222 plus 47) days of the limitations period elapsed between Petitioner's August 7, 2009, affidavit and the filing of his habeas petition. This leaves 96 days of the limitations period that occurred immediately prior to August 7, 2009. Petitioner must, therefore, have discovered the factual predicate to his claim on or after May 3, 2009, for his petition to have been timely filed.

The Court need not determine definitively whether Petitioner timely filed his application, however, because it agrees with the Magistrate Judge's conclusion

---

ultimate issue of the merits of Petitioner's claim, the possible application of the tolling provision becomes merely academic.

[4] The limitations period would have been tolled while Petitioner's motion was "pending" under 28 U.S.C. § 2244(d)(2), which, in addition to the time each state court took to consider Petitioner's case, included the time between each decision and the filing of a notice of appeal. *Carey v. Saffold*, 536 U.S. 214, 221 (2002).

12

that Petitioner's claim has no merit.[5] Doc. #7 at 5-8. A federal district court may not grant an application for writ of habeas corpus unless the state court's resolution of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Magistrate Judge stated, the opinion of the Second District Court of Appeals reviewing Petitioner's ineffective assistance of trial counsel claim "was neither an unreasonable application of, nor contrary to, clearly established Supreme Court case law." Doc. #7 at 6. The appellate court analyzed Petitioner's claim for ineffective assistance of counsel under the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to show that the attorney's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Bates*, 2010-Ohio-3440 ¶¶ 31-35. Under the prejudice prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[5] If the Court had concluded that Petitioner's claim had merit, the statute of limitations issue would then have been dispositive to the Court's ability to hear Petitioner's claim. In that case, the Court would have solicited evidentiary materials from the parties in order to determine the exact date that Petitioner discovered the factual predicate of his claim, and, consequently, issued a definitive ruling on whether the petition was timely filed under 28 U.S.C. § 244(d)(1)(D).

13

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The Court of Appeals reviewed the police report and concluded that even if it had been presented at trial, it would not have changed its outcome, because the report's contents did not impeach the identifying witness, and the state presented ample evidence to implicate Petitioner. *Bates*, 2010-Ohio-3440 ¶¶ 32-35. The Court agrees with the Magistrate Judge's conclusion that the Court of Appeals reasonably applied *Strickland* when it determined that Petitioner's claim failed the prejudice prong.

In his Objections to the Report and Recommendations of the Magistrate Judge, Petitioner argues that "the identifying witness relied on her memory of the previous incident for her identification. She was the only identifying witness. In the previous report, she did not even give the men's race. Thus her identification could have been effectively challenged." Doc. #9 at 3. However, a review of the trial transcript shows that the witness did not rely solely on her memory of the previous incident to identify Petitioner. The home intruders initially entered the witness's house wearing masks, but the identifying witness testified that Petitioner later returned, and although she was "not sure" if he still had the mask on, she "looked him dead in the face." Doc. #6-20 at 157-58. Furthermore, the witness testified that her "identification of Mandale Bates" occurred when, in order to hit her, Petitioner lifted up the blanket he had placed over her head. *Id.* at 167.

Petitioner's trial counsel pointed out inconsistencies and omissions between the witness's testimony and her statements to police after the home invasion, and

14

unsuccessfully moved to strike the witness's identification. *Id.* at 189-92. As the Court of Appeals stated, the contents of the police report at issue, including its lack of identifying details, would not have helped to impeach the identifying witness:

> Although the police report does not describe the two men in Cromwell's yard, the report does not suggest that Cromwell was unable to describe the suspects further or that she would not recognize the two men if she saw them again. And, the fact that the report exists corroborates Cromwell's testimony that she had filed a previous report due to a prior incident.

*Bates*, 2010-Ohio-3440 ¶ 33.

As Petitioner admits, "the identifying witness relied on her memory of the previous incident for her identification," not on the contents of the police report she made at that time. Doc. #9 at 3. Petitioner asserts that "this document could easily have undermined the credibility of [the] identification." Doc. #1 at 20. However, Petitioner fails to explain how the report, which only states that the incident involved two males wearing red shirts, could have had that effect. Doc. #6-9 at 5. The police report from the previous incident did not contradict the testimony of the identifying witness, and could not, therefore, have impeached the witness or provided a reason to strike her testimony. If anything, the fact of its existence would have had the opposite effect, as the Court of Appeals stated, corroborating the witness's testimony and possibly bolstering her credibility with the jury. The Court, therefore, adopts the conclusion of the Magistrate Judge that Petitioner's claim is without merit.

15

Based upon the foregoing, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court adopts the conclusions of the United States Magistrate Judge, set forth in his Report and Recommendations, of January 23, 2013 (Doc. #7), with the variations in reasoning set forth above. The Court OVERRULES Plaintiff's Objections (Doc. #9) to that judicial filing and DISMISSES with prejudice Petitioner's Petition for Writ of Habeas Corpus (Doc. #1). Judgment will be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is DENIED a certificate of appealability and DENIED any anticipated motion for leave to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 8, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE